# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANAYELI MOREIRA, et al. | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-1642 |
| | : | |
| L. FRANCIS CISSNA, *et al.*, | : | |
| | : | |

## MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                                                              **MARCH 3, 2020**

In this immigration case, Plaintiffs seek judicial review of a consular officer's decision to deny the visa application of Wife-Plaintiff, a citizen of Mexico. Citing the doctrine of consular nonreviewability, the Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

## STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), the district court should "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff need not satisfy any "probability" requirement, but must set forth "more than a sheer possibility" that the defendant's actions give rise to the claim. *Id.*

## **FACTS**

The Complaint alleges that Wife-Plaintiff is a native and citizen of Mexico. (Compl. ¶¶ 7,15.) Husband-Plaintiff is a citizen of the United States. (*Id.* at ¶¶ 8,17.) Plaintiffs reside with their three children in Easton, Pennsylvania. (*Id.* ¶ 7,8.) All three children are citizens of the United States. (*Id.* ¶¶ 8,17.)

Wife-Plaintiff was born in Mexico in 1988 and entered the United States without inspection on July 27, 1992. (Id. ¶ 15.) At the time of her entry, Wife-Plaintiff was three years old. (*Id.*)

In March of 2007, Wife-Plaintiff left the United States and returned to Mexico to assist with family issues. (*Id.* ¶16.) At the time she departed the United States, she was 18 years and 5 months old. (*Id.*) She resided in Mexico for approximately one year and eight months before returning to the United States without inspection in November, 2008. (*Id.*) The Complaint alleges that Wife-Plaintiff was subsequently "subject to removal proceedings which were administratively closed by the Immigration Court in Philadelphia, Pennsylvania on September 30, 2015." (*Id.*)

On January 4, 2016, Wife-Plaintiff married Husband-Plaintiff. (Id. ¶ 17.) Husband-Plaintiff subsequently filed an I-130 Petition for Alien Relative on behalf of Wife-Plaintiff

2

with United States Citizenship and Immigration Services ("USCIS"). (*Id.* ¶ 19.) On May 9, 2016, the USCIS approved the Petition. (*Id.*)

On February 21, 2017, Wife-Plaintiff applied to USCIS for a I-601A Application for Provisional Unlawful Presence Waiver, citing the extreme hardship her removal would cause her husband and children. (Id. ¶ 20.) Wife-Plaintiff "disclosed on the application that she had entered the U.S. as a three-year old minor child and subsequently left and reentered the United States, relying on the "minor exception" under INA § 212(a)(9)(B)(iii)(I) for admissibility purposes." (*Id.*)

On June 15, 2017, USCIS approved Wife-Plaintiff's I-601A provisional waiver, finding that her removal and/or inadmissibility would result in extreme hardship to Husband-Plaintiff. (*Id.* ¶ 21.) As a result, on October 4, 2017, an immigration judge in Philadelphia terminated removal proceedings based on Wife-Plaintiff's "eligibility for an immigrant visa and for the purposes of traveling to the U.S. Consulate in Ciudad Juarez, Mexico." (*Id.* ¶ 22.)

On January 5, 2018, Wife-Plaintiff appeared at the U.S. Consulate in Ciudad Juarez, Mexico for an appointment on her approved I-601A waiver. (*Id.* ¶ 23.) Wife-Plaintiff alleges she "appeared for her appointment relying on INA §212 and its interpretation by the U.S. Consulate in Ciudad Juarez as was the general practice of the consul." (Id. ¶ 24.) On that same date, the U.S. Consulate in Ciudad Juarez did not find Wife-Plaintiff was eligible for an immigrant visa and reserved decision. (*Id.* ¶ 25.)

On June 20, 2018, a consular officer found Wife-Plaintiff ineligible for an immigrant visa and revoked her approved I-601A waiver "based on the 'additional

3

ineligibility under section 212(a)(9)(C)(i)(I).'" (*Id.* ¶ 26.) "The officer stated an 'individual found ineligible under section 212(a)(9)(C)(i)(I) cannot apply for permission to reenter the United States until 10 years after his or her date of last departure. There are no exceptions to this ineligibility. Therefore, [Wife-Plaintiff] cannot apply for permission to reenter the United States until after January 2018."[1] (*Id.*)

The consular officer did not provide an initial explanation as why Wife-Plaintiff was found inadmissible under INA § 212(a)(9)(C) or why the "minor exception" did not apply. (*Id.* 27.)

The Complaint alleges that "[in] practice at the U.S. Consulate in Ciudad Juarez, the 'minor exception' had been applied to the INA 212(a)(9)(C) permanent bar for aliens who have been unlawfully present for an aggregate of one year, . . .who then returned to the U.S. without inspection." (*Id.* 48.) However, the Complaint alleges that "[i]n this case, and upon information and belief, the U.S. Consulate in Ciudad Juarez has now been taking the position that the unlawful presence exception for minors does not apply to the permanent bar of INA § 212(a)(9)(C), on the basis that the statutory exception is only listed under INA § 212(a)(9)(B)." (*Id.* 49.)

The Complaint alleges that "[u]pon inquiry by counsel, the Visa Office indicated that '[i]t is well settled that the 'minor exception' to the accrual of unlawful presence applies only to section INA § 212(a)(9)(B), and does not apply to INA § 212(a)(9)(C),' citing only to an administrative agency memorandum from May 6, 2009, 'Neufeld, Scialabba, Chang USCIS Memorandum: Revision to and Redesignation of Adjudicator's

---

[1] The January 2018 date is obviously a typographical error by the consular officer.

4

Field Manual Chapter 30.1(d) as Chapter 40.9, May 6, 2009 at page 28.' The basis for the Visa Office's finding was that this memorandum stated: 'There are two reasons for this conclusion: 1) the terms of sections 212(a)(9)(B)(iii) and (iv) of the Act refer only to specific subsections of 212(a)(9)(B)(i) of the Act; and 2) Inadmissibility under section INA §212(a)(9)(C) rests on a more serious immigration violation than simple unlawful presence.'" (*Id.* ¶ 28.)

As a result of the denial of her immigrant visa, Wife-Plaintiff is stranded in Mexico with no means of returning to the United States for 10 years. (*Id.* ¶¶ 7, 8.)

In Count One, Plaintiffs assert that "[t]he agency's finding of additional inadmissibility under INA § 212(a)(9)(C)(i)(I) is inconsistent with the plain language of the statute and therefore not in accordance with the law." (*Id.* at ¶ 33.) In Count Two, Plaintiffs assert that "[t]he unannounced change in the interpretation of unlawful presence at the U.S. Consulate in Ciudad, Juarez, Mexico as it relates to minors is an arbitrary and capricious agency action." (*Id.* at 47.) Count Three asserts a violation of procedural due process and erroneous deprivation of fundamental liberty interest and Count Four asserts a claim for violation of substantive due process. (*Id.* at ¶¶ 67-86.)

Plaintiffs request that the Court declare the agency's actions unlawful and Wife-Plaintiff admissible as a matter of law under the plain statutory terms of INA § 212(a)(9)(B) and INA § 212(a)(9)(C); declare the agency's policy reversal to be arbitrary and capricious and a violation of the due process clause of Fifth and Fourteenth Amendments; order USCIS to reinstate the I-601A approved petition and to compel the agency to grant Wife-Plaintiff's immigration visa. (*Id.*, Prayer for Relief, a-d.)

Defendants argue that all of Plaintiffs' claims are barred by the doctrine of consular nonreviewability. That doctrine "holds that a consular official's decision to issue or withhold a visa is not subject to judicial review, at least unless Congress says otherwise." *Saavedra Bruno v. Albright*, 197 F. 3d 1153, 1159 (D.C. Cir. 1999). *See also Morfin v. Tillerson*, 851 F. 3d 710, 711 (7th Cir. 2017) ("[T]he fact remains that for more than a hundred years courts have treated visa decisions as discretionary and not subject to judicial review for substantial evidence and related doctrines of administrative law."); *Onuchukwu v. Clinton*, 408 F. App'x 558, 560 (3d Cir. 2010)(non-precedential) ("The widely applied doctrine of consular nonreviewability generally places a consular official's decision to issue or withhold a visa outside the scope of judicial review.")

In *Kleindienst v. Mandel*, 408 U.S. 753 (1972), the United States Supreme Court carved out a narrow exception to the doctrine of consular nonreviewability for situations in which denial of a visa violates the constitutional rights of a U.S. citizen. *Id.* at 765-770. However, the *Mandel* Court held that even where it is alleged that the denial of a visa violates the constitutional rights of a U.S. citizen, courts must give deference to the consular officer's decision so long as "that reason was facially legitimate and bona fide." *Id.* at 769. Specifically, the *Mandel* Court stated:

> We hold that when the Executive exercises this power [of exclusion] negatively on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against the First Amendment interests of those who seek personal communication with the applicant.

*Id.* at 770.

6

In *Kerry v. Din*, 135 S.Ct. 2128 (2015) [2], the Supreme Court rejected a due process challenge to a consular's denial of an immigrant visa, when it held that the consular officer provided a facially legitimate and bona fide reason for denying the visa even though he offered no explanation other than a citation to 8 U.S.C. § 1182(a)(3)(B). That provision prohibited issuing visas to persons engaged in or otherwise related to statutorily defined "terrorist activity." *See* 8 U.S.C. § 1182(a)(3)(B)(iii). According to *Din*, as long as the statute cited by the consular officer contains "specific criteria" for determining inadmissibility and "discrete factual predicates" that the consular officer must find to exist before denying a visa, in the absence of an affirmative showing of bad faith by the consular officer, the consular officer's citation will satisfy the facially legitimate and bona fide standard of *Mandel*. *Din* at 2140-41.

Here, Husband-Plaintiff, a U.S. citizen, has challenged the consular officer's decision to deny his wife an immigration visa on constitutional grounds. The consular officer denied Wife-Plaintiff's request for an immigration visa, citing 8 U.S.C. §1182(a)(9)(C)(i)(I) and §1182(a)(9)(B)(i)(II). Both of these statutes contain specific criteria for denying a visa application. Under the tenets of *Din*, the consular officer's mere citation to a valid statute of inadmissibility pursuant to which the consular officer was required to evaluate and establish specific criteria for denying Wife-Plaintiff's visa constituted a facially legitimate and bona fide factual basis reason for denying the visa.

---

[2] Although *Din* was a plurality opinion, Justice Kennedy's concurring opinion is controlling. *See Allen v. Milas*, 896 F. 3d 1094, 1106 (9th Cir. 2018)("Justice Kennedy, joined by Justice Alito, concurred in the judgment alone, in the narrowest and thus controlling opinion in that case."); *International Refugee Assistance Project v. Trump*, 857 F. 3d 554, 590 n.15 (4th Cir. 2017)("We agree that Justice Kennedy's opinion sets for the narrowest grounds for the Court's holding in *Din* and likewise recognize it as the controlling opinion."); *Bano v. Pompeo*, 377 F. Supp. 3d 464, 469 (E.D. Pa. 2019).

In addition, unlike in *Din*, the consular officer here cited to specific subsections of the two statutes upon which he relied. Further, Plaintiffs allege that "[u]pon further inquiry by counsel, the Visa Office further specified that '[i]t is well settled that the 'minor exception' to the accrual of unlawful presence applies only to section INA § 212(a)(9)(B), and does not apply to INA § 212(a)(9)(C). Since Plaintiffs have not alleged with any particularity that the consular officer's reason was not bona fide by making an "affirmative showing of bad faith on the part of the consular officer who denied [ ] a visa," *Din* at 2141, Husband-Plaintiff's constitutional challenge to the consular officer's decision must fail.

Plaintiffs argue that Justice Kennedy's ruling in *Din* is limited to a consular officer's denial of a visa based solely on terrorist grounds. This Court does not agree. *See Trump v. Hawaii*, 138 S.Ct. 2392, 2419 (2018) quoting *Din*, 135 S.Ct. at 2141 ("In *Din*, Justice Kennedy reiterated that 'respect for the political branches' broad power over the creation and administration of the immigration system meant that the Government need provide only a statutory citation to explain a visa denial.")

Husband-Plaintiff also argues that the consular officer's decision cannot be considered facially legitimate because the consular officer misconstrued the statutory provision he used to deny Wife-Plaintiff's visa application. Under *Din,* however, all that is required for the officer's decision to be considered facially legitimate is that the consular officer cites to a statute containing specific criteria pursuant to which he denied an immigrant's visa application. The *Din* decision simply does not permit a court to "look behind" the consular officer's decision by reviewing whether the consular officer misconstrued the statutes in reaching his decision.

However, even if such review was permitted under *Din*, the Court finds that the consular officer properly interpreted the statute. Section 212(a)(9)(B)(i)(I) provides:

> **(B) Aliens unlawfully present**
>
> **(i) In general**
>
> Any alien (other than an alien lawfully admitted for permanent residence) who--
>
> **(I)** was unlawfully present in the United States for a period of more than 180 days but less than 1 year, voluntarily departed the United States (whether or not pursuant to section 1254a(e)$^2$ of this title) prior to the commencement of proceedings under section 1225(b)(1) of this title or section 1229a of this title, and again seeks admission within 3 years of the date of such alien's departure or removal, or
>
> **(II)** has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States is inadmissible.
>
> **(ii) Construction of unlawful presence**
>
> For purposes of this paragraph, an alien is deemed to be unlawfully present in the United States if the alien is present in the United States after the expiration of the period of stay authorized by the Attorney General or is present in the United States without being admitted or paroled.
>
> **(iii) Exceptions**
>
> **(I) Minors**
>
> No period of time in which an alien is under 18 years of age shall be taken into account in determining the period of unlawful presence in the United States **under clause (i).**

8 U.S.C. § 1132(a)(9)(B) (emphasis added.)

Because Wife-Plaintiff qualified under the "minor exception" the USCIS approved Wife-Plaintiff's application for a provisional I-601A Application for Provisional Unlawful Presence Waiver. However, the

9

consular officer also found that Wife-Plaintiff was not eligible for an immigration visa under section 212(a)(9)(C)(i)(I). That section provides:

> **(C) Aliens unlawfully present after previous immigration violations**
>
> **(i) In general**
>
> Any alien who--
>
> **(I)** has been unlawfully present in the United States for an aggregate period of more than 1 year, or
>
> **(II)** has been ordered removed under section 1225(b)(1) of this title, section 1229a of this title, or any other provision of law, and who enters or attempts to reenter the United States without being admitted is inadmissible.
>
> **(ii) Exception**
>
> Clause (i) shall not apply to an alien seeking admission more than 10 years after the date of the alien's last departure from the United States if, prior to the alien's reembarkation at a place outside the United States or attempt to be readmitted from a foreign contiguous territory, the Secretary of Homeland Security has consented to the alien's reapplying for admission.

8 U.S.C. § 1132(a)(9)(C)

Noticeably absent from this section is the "minor exception" contained in § 212(a)(9)(B)(iii)(I). Plaintiffs allege, however, that the minor exception contained in § 212(a)(9)(B)(iii)(I) is actually incorporated into section 212(a)(9)(C)(i)(I) since both sections share the same definition of "unlawful presence." Specifically, Plaintiffs allege that "[b]y specifically stating the definition of unlawful presence under INA § 212(a)(9)(B)(ii) is 'for the purposes' of INA 212(a)(9)(B), and omitting that definition from INA §212(a)(9)(C)(i), the only reading of INA § 212(a)(9)(C)(i) is that inadmissibility under that provision is dependent on whether aliens are unlawfully present as defined and calculated under INA § 212(a)(9)(B)." (Compl. at 39.) "Because in order to calculate

10

unlawful presence under INA § 212(a)(9)(C), the alien must have accrued unlawful presence as calculated under INA § 212(a)(9)(B)(i), the 'minor exception' necessarily applies to the calculation of unlawful presence under INA § 212(a)(9)(C)(I) pursuant to the plain language of the statutory provisions." (*Id.* at 41.)

The Court of Appeals for the Ninth Circuit has rejected a similar argument, holding that although "unlawful presence" has the same general meaning in both subsections 1182(a)(9)(B) and 1182(a)(9)(C), there is no automatic presumption "that the waiver provisions are also incorporated, particularly where they are contained in separate provisions and not within the definition itself." *Acosta v. Gonzales*, 439 F. 3d 550, 557 (9th Cir. 2006)(holding that "hardship" waiver of §1182(a)(9)(B) was not incorporated into §1182(a)(9)(C)) (overruled on other grounds *Garfias-Rodriguez v. Holder*, 702 F. 3d 504 (9th Cir. 2012); see also *Rodriguez v. Mukasey*, 298 Fed. App'x 306, 307 (5th Cir. 2008) (per curiam)(unpublished).

Indeed, the "minor exception" contained in § 212(a)(9)(B)(iii)(I) specifically states that it is to be taken into account in determining the period of unlawful presence in the United States **under clause (i)** of Section 212(a)(9)(B). It does not say it is to be taken into account in determining the period of unlawful presence in § 212(a)(9)(C). *See Equal Access Education v. Merten*, 325 F. Supp. 2d 655, 665-67 (E.D. Va. 2004) ("[t]he fact that the [minor] exception[] specifically refers back to clause (i) necessarily limits the applicability of [that] exception[] to that clause, *i.e.,* calculation of unlawful presence for the purpose of the 3- and 10-year bars to admission." ); *See also Rodriguez*, 298 Fed. Appx. at 307 (per curiam)(unpublished).

11

Section 1182(a)(9)(C) does not contain any such "minor exception," but rather contains its own list of exceptions, none of which are applicable here. The reason section 1182(a)(9)(B) contains a "minor exception" and section 1182(a)(9)(C) does not is because Congress considered the conduct at issue in section 1182(a)(9)(C)(i) (multiple illegal entries) more serious and culpable than that described in section 1182(a)(9)(B) (a one-time illegal entry). *Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1166-1168 (10th Cir. 2004) *Mortera-Cruz v. Gonzales*, 409 F.3d 246, 255-56 (5th Cir. 2005). In making this distinction, the Tenth Circuit Court of Appeals in *Berrum-Garcia*, "focused in particular on the fact that illegal aliens falling under the more severe section 1182(a)(9)(C)(i), . . . face a lifetime ban on admissibility, whereas those under section 1182(a)(9)(B) are inadmissible only for certain discrete periods based on the amount of illegal presence they accumulate." *Mortera-Cruz v. Gonzales*, 409 F.3d 246, 255-56 (5th Cir. 2005).

Indeed, the USCIS May 6, 2009 Interoffice Memorandum "Consolidation of Guidance Concerning Unlawful Presence for Purposes of Sections 212(a)(9)(B)(i) and 2l2(a)(9)(C)(i)(I) of the Act," referenced in Plaintiffs' Complaint at ¶ 28 supports the consular officer's interpretation. ("The exceptions listed in this section (b)(2) apply only to grounds of inadmissibility listed in section 212(a)(9)(B) of the Act, and do not apply for purposes of inadmissibility under section 212(a)(9)(C) of the Act. . . Since the precise language of sections 212(a)(9)(B)(iii) and (iv) of the Act clearly make them apply only to inadmissibility under section 212(a)(9)(B) of the Act and not to inadmissibility under section 212(a)(9)(C)(i)(I) of the Act, and because violations of section 212(a)(9)(C)(i)(I) of the Act are more culpable than mere unlawful presence, USCIS has

concluded that these statutory exceptions do not apply to section 2l2(a)(9)(C)(i)(I) cases."). (ECF 29, Ex. 3 at pp. 40-41).

In short, had Wife-Plaintiff entered the United States without inspection only one time when she was a minor, she would have remained eligible for an immigrant visa pursuant to the "minor exception" contained in section 1182(a)(9)(B). However, since Wife-Plaintiff also entered the United States a second time without inspection in 2008[3], and her initial illegal entry in 1992 lasted more than one year, she was now subject to the more severe strictures of section 1182(a)(9)(C) which clearly does not contain a "minor exception." Therefore, any contention that the consular officer misconstrued the statutes is without merit. In addition, having found that the Wife-Plaintiff ineligible for an immigrant visa under section 1182(a)(9)(C)(i)(I), the consular officer properly revoked Wife-Plaintiff's I-601 A provisional unlawful presence waiver, thus rendering her also ineligible under section 1182(a)(9)(B)

In the alternative, Husband-Plaintiff seeks review of the consular officer's decision under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702,706.[4] It has been repeatedly held, however, that the APA does not provide an avenue for judicial review of a consular officer's decision to deny an immigration visa. *Allen*, *supra* at 1108 (9th Cir. 2018) ("[w]e join the D.C. Circuit in holding the APA provides no avenue for review of a consular officer's adjudication of a visa on the merits."); *Morfin*, *supra* at 714;

---

[3] Although not alleged in the Complaint, it appears that Wife-Plaintiff entered the United States a third time without inspection in November, 2007. The Court's decision is not based on this possible third entry.
[4] The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA also instructs a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), and to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C § 706(2)(A).

*Saavedra Bruno, supra* at 1159; *Onuchukwu, supra* ("Although Congress could provide an avenue through which courts could review consular decisions on visas….jurisdiction is not available through…the Administrative Procedure Act.."); *Bano supra* at 470 (E.D. Pa. 2019).

In sum, because the consular officer articulated a facially legitimate and bona fide reason for denying Wife-Plaintiffs immigration visa, Husband-Plaintiff's constitutional claims and claims that the consular officer did not act in accordance with the law and that the INS acted in an arbitrary and capricious manner are barred by the doctrine of consular nonreviewability. In addition, the Husband-Plaintiff may not pursue his claims under the Administrative Procedures Act.

This Court is very sympathetic to the plight of Husband-Plaintiff and his spouse who are seeking to become a reunited family in the United States. Unfortunately, the doctrine of consular nonreviewability as interpreted by the United States Supreme Court, bars this Court from providing any assistance to that end or granting the requested relief.